UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RALPH CRAYTON,

                          Plaintiff,

                                                                      9:20-CV-834
          v.                                                        (BKS/DJS)

MARK TOLMAN, *et al.*,

                          Defendants.

**APPEARANCES:**                                          **OF COUNSEL:**

RALPH CRAYTON
Plaintiff, *Pro Se*
Buffalo, New York 14207

HON. LETITIA JAMES                               JOHN F. MOORE, ESQ.
Attorney General of the State of New York       Assistant Attorney General
Attorney for Defendant Tolman
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

    *Pro se* Plaintiff Ralph Crayton brings this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights while he was in the custody of the Department of Corrections and Community Supervision ("DOCCS") at Mid-State Correctional Facility. *See* Dkt. No. 1, Compl. Defendant has now filed a Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56(a), seeking to dismiss the Complaint in its entirety. Dkt. No. 33. Despite several

extensions of time to respond to the Motion, Plaintiff has filed no opposition. *See* Dkt. Nos. 36 & 38.

For the reasons that follow, the Court recommends Defendant's Motion for Summary Judgment be **GRANTED**.

## I. BACKGROUND

The allegations in the Complaint date to 2018 when Plaintiff was incarcerated at Mid-State Correctional Facility. Plaintiff alleges that Defendant Tolman physically and sexually assaulted Plaintiff on September 5, 2018. Compl. at p. 9. Plaintiff further alleges that Tolman retaliated against him for the filing of a June 2018 grievance against Tolman. *Id.* Defendant has denied the factual allegations of the Complaint. Dkt. No. 13.

Defendant seeks summary judgment solely based on the alleged failure of Plaintiff to exhaust his administrative remedies as required by the Prison Litigation Reform Act. In support of the Motion, Defendants have offered detailed affidavits on the process for exhausting general inmate grievance complaints, Dkt. No. 33-3, Tapia Decl. at ¶¶ 5-13; Dkt. No. 33-4, Seguin Decl. at ¶¶ 6-11, as well as for sexual harassment complaints. Dkt. No. 33-5, Mills Decl. at ¶¶ 4-7. Those affidavits, and the records attached to them, show that there is no evidence of a grievance or complaint filed by Plaintiff regarding allegations of a physical or sexual assault or retaliation by Defendant Tolman. *See generally* Tapia Decl. at ¶ 20; Mills Decl. at ¶ 11.

The Complaint also names two "John Doe" Defendants who, to date, have not been identified.

## II. SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora*

*Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"The fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996). However, when a motion for summary judgment is unopposed, the court may "grant summary judgment if the motion and supporting materials - including the facts considered undisputed - show that the movant is entitled to it." FED. R. CIV. P. 56(e)(3); *see also* L.R. 7.1(a)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers . . . shall be deemed as consent to the granting or denial of the motion."). Moreover, all properly supported facts set forth in

Defendant's Statement of Material Facts that have not been specifically controverted may be deemed admitted. L.R. 56.1(b).

### III. DISCUSSION

Defendant seeks summary judgment based on Plaintiff's alleged failure to exhaust his administrative remedies. Dkt. No. 33-14, Def.'s Mem. of Law at pp. 9-15. For the reasons which follow, the Court recommends that summary judgment is appropriate based on Plaintiff's failure to exhaust his remedies.

### A. Exhaustion Procedure

The Prison Litigation Reform Act ("PLRA") provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. *Id.* at 524; *see also Ross v. Blake*, 578 U.S. 632, 638 (2016) (stating that the mandatory language of § 1997e(a) forecloses judicial discretion to craft exceptions to the requirement). Furthermore, § 1997e(a) requires "proper exhaustion," which means using all steps of the administrative process and complying with "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). The defendant bears the burden of

proving that the administrative remedies available to the plaintiff were not exhausted prior to the initiation of a civil action. *Howard v. Goord*, 1999 WL 1288679, at *3 (E.D.N.Y. Dec. 28, 1999).

In New York, the administrative remedies consist of a three-step Inmate Grievance Program ("IGP"). First, a grievance is submitted to the Inmate Grievance Resolution Committee ("IGRC"), a committee comprised of both inmates and facility employees. N.Y. COMP. CODES R. & REGS. tit. 7, § 701.5(b). An inmate must submit a grievance "within 21 calendar days of an alleged occurrence." *Id.* at § 701.5(a)(1). An inmate may request an extension of the time limit within forty-five days of the date of the alleged occurrence. *Id.* at § 701.6(g). The IGRC reviews and investigates the formal complaint and then issues a written determination. *Id.* at § 701.5(b). Second, upon appeal of the IGRC decision, the superintendent of the facility reviews the IGRC's determination and issues a decision. *Id.* at § 701.5(c). Finally, upon appeal of the superintendent's decision, the Central Office Review Committee ("CORC") makes the final administrative determination. *Id.* at § 701.5(d). Only upon exhaustion of all three levels of review may a prisoner seek relief in federal court. *Bridgeforth v. Bartlett*, 686 F. Supp. 2d 238, 239 (W.D.N.Y. 2010) (citing, *inter alia*, *Porter v. Nussle*, 534 U.S. at 524); *see also Neal v. Goord*, 267 F.3d 116, 121 (2d Cir. 2001), *overruled on other grounds by Porter v. Nussle*, 534 U.S. 516.

A special procedure exists for reporting claims of sexual abuse or sexual harassment under the Prison Rape Elimination Act ("PREA"). Under DOCCS regulations, claims of that nature are deemed exhausted:

if official documentation confirms that:

(1) an inmate who alleges being the victim of sexual abuse or sexual harassment reported the incident to facility staff; in writing to Central Office Staff; to any outside agency that the Department has identified as having agreed to receive and immediately forward inmate reports of sexual abuse and sexual harassment to agency officials under the PREA Standards (28 C.F.R. § 115.51(b)); or to the Department's Office of the Inspector General; or

(2) a third party reported that an inmate is the victim of sexual abuse and the alleged victim confirmed the allegation upon investigation.

7 N.Y.C.R.R. 701.3(i).

### B. Plaintiff's Excessive Force and Retaliation Claims

Plaintiff's claims of excessive force and retaliation are ones that must be exhausted under the PLRA. *Porter v. Nussle*, 534 U.S. at 532 (excessive force); *Harnett v. Barr*, 538 F. Supp. 2d 511, 527 n. 27 (N.D.N.Y. 2008) (retaliation). The evidence offered by Defendant establishes that Plaintiff did not grieve these claims through the inmate grievance process. There is no record of any grievance filed regarding alleged misconduct by Defendant Tolman regarding events on September 5th or thereafter. Tapia Decl. at ¶ 20. DOCCS records indicate that Plaintiff has filed only two grievances at Mid-State. *Id.* at ¶ 17. One, related to conduct allegedly taken by Tolman, was filed in July 2018, prior to the allegations at issue in this action, and concerned events that were alleged to have taken place in June 2018. *Id.* at ¶¶ 17-18. The other grievance related to allegations involving an August 20, 2018 incident. *Id.* at ¶ 19. Plaintiff conceded at his deposition that he did not file a grievance related to these facts. Dkt. No. 33-2, Ex. H, Pl.'s Dep. at p. 89. As a result, there is no dispute of fact

as to whether these claims were grieved and summary judgment is appropriate as to those two claims.

### C. Plaintiff's Sexual Assault Claim

As noted above, Plaintiff's sexual assault claim, though it must be exhausted, need not proceed through the typical inmate grievance procedure. Mills Decl. at ¶¶ 4-7. Instead, DOCCS has an arguably less demanding procedure for deeming those claims exhausted. *Sheffer v. Fleury*, 2019 WL 4463672, at *4 (N.D.N.Y. Sept. 18, 2019). Nevertheless, the record evidence offered by Defendants establishes that Plaintiff also did not comply with any of those procedures.

Plaintiff concedes he made no written PREA complaint. Pl.'s Dep. at p. 39. Records from Mid-State Correctional Facility do not indicate that any complaint of sexual harassment or other sexual misconduct were made by Plaintiff against Defendant. Mills Decl. at ¶ 11. There is no record that Plaintiff made such a complaint to the New York State Commission of Correction. Dkt. No. 33-8, Callahan Decl. at ¶ 5. Similarly, DOCCS' Office of Special Investigation has no record of a complaint of sexual misconduct filed by or on behalf of Plaintiff. Dkt. No. 33-7, Hebble Decl. at ¶ 6; Dkt. No. 33-12, Mousseau Decl. at ¶ 6. Finally, there is no evidence of any complaint of sexual misconduct in the records of DOCCS' Central Office. Dkt. No. 33-9, Twomey Decl. at ¶ 6.

### D. Whether Plaintiff's Failure to Exhaust Administrative Remedies May be Excused

A prisoner's failure to exhaust administrative remedies may nonetheless be excused if remedies were unavailable to the inmate. *Ross v. Blake*, 578 U.S. at 642. As the Supreme Court stated in *Ross*, "[a]n inmate . . . must exhaust available remedies, but need not exhaust unavailable ones." *Id.* The Court provided three potential circumstances in which administrative remedies may be unavailable: (1) where the administrative procedure technically exists but operates as a "dead end - with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) where the administrative scheme is "so opaque that it becomes, practically speaking, incapable of use"; and (3) where prison administrators "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 643-44. Plaintiff bears the burden of establishing that the grievance procedures were unavailable within the meaning of *Ross*. *Martin v. Wyckoff*, 2018 WL 7356771, at *5 (N.D.N.Y. Oct. 16, 2018), *report and recommendation adopted*, 2019 WL 689081 (N.D.N.Y. Feb. 19, 2019).

Plaintiff makes no argument that the grievance process was unavailable to him. This alone provides a basis for finding that Plaintiff's failure to exhaust should not be excused. *See White v. Williams*, 2016 WL 4006461, at *5 (N.D.N.Y. June 22, 2016), *report and recommendation adopted*, 2016 WL 4005849 (N.D.N.Y. July 25, 2016). The record moreover establishes that none of the *Ross* exceptions are applicable here. Plaintiff fully exhausted an administrative grievance through the DOCCS grievance

program on at least one other occasion. Seguin Decl. at Ex. A. "This shows that Plaintiff did not view the filing of grievances as a dead end. It also demonstrates that he clearly understood DOCCS' inmate grievance policy and could navigate it when he wished to pursue a grievance. As such, the first two exceptions identified under *Ross* are not applicable here." *Walker v. Ball*, 2018 WL 1415212, at *5 (N.D.N.Y. Feb. 16, 2018), *report and recommendation adopted*, 2018 WL 1406632 (N.D.N.Y. Mar. 20, 2018).

Nor has Plaintiff raised any triable question of fact as to the applicability of the third *Ross* exception. There is no particularized claim that any DOCCS official acted in any way to thwart Plaintiff's ability to grieve any of these claims. The only evidence in the record that might explain Plaintiff's failure to exhaust relates to his sexual harassment claim. He testified at his deposition that he did not report that claim to officials because he feared for his safety if he did make a report. *See* Pl.'s Dep. at p. 89. His testimony, however offered no particulars on the nature of that concern. A "generalized fear" is insufficient to satisfy the third *Ross* exception. *Rodriguez v. Landry*, 2020 WL 6747806, at *6 (N.D.N.Y. Oct. 26, 2020), *report and recommendation adopted*, 2020 WL 6743077 (N.D.N.Y. Nov. 17, 2020) (citing cases); *Galberth v. Washington*, 2017 WL 3278921, at *10 (S.D.N.Y. July 31, 2017), *aff'd*, 743 F. App'x 479 (2d Cir. 2018).

For these reasons, the Court recommends that the Defendant's Motion for Summary Judgment be granted based on Plaintiff's failure to exhaust his administrative remedies.

### E. John Doe Defendants

"Where discovery has closed and the Plaintiff has had ample time and opportunity to identify and serve John Doe Defendants, it is appropriate to dismiss those Defendants without prejudice." *Delrosario v. City of New York*, 2010 WL 882990, at *5 (S.D.N.Y. Mar. 4, 2010). Dismissal of an unidentified Doe Defendant is appropriate pursuant to FED. R. CIV. P. 41(b), which permits a court to dismiss an action for failure to prosecute or to comply with a court order, and FED. R. CIV. P. 4(m), under which a court must dismiss, absent a showing of "good cause," claims against a defendant who is not served within ninety days of the filing of the complaint. *See Cusamano v. Sobek*, 604 F. Supp. 2d 416, 501-02 (N.D.N.Y. 2009). Therefore, because discovery is closed and Plaintiff has not identified Defendant John Does 1 or 2, the Court recommends that Plaintiff's claims against those Defendants be dismissed.

### IV. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Defendant's Motion for Summary Judgment (Dkt. No. 33) be **GRANTED**; and it is further

**RECOMMENDED**, that the unidentified John Doe Defendants be **DISMISSED**; and it is further

**RECOMMENDED**, that the Complaint be **DISMISSED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[1] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: December 27, 2022
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[1] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).